UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                        Case No. 3:21-cr-69

         Plaintiff,

    v.                                           MEMORANDUM OPINION
                                                          AND ORDER

Sean Darrell Foster,

         Defendant.

## I.    INTRODUCTION AND BACKGROUND

On June 30, 2014, Defendant Sean Darrell Foster was sentenced in the United States District Court for the Eastern District of Kentucky to a term of 120 months in prison and an 8-year term of supervised release following his conviction on one count of conspiracy to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 846, and 851. (*See* Doc. No. 2 at 1). Foster completed his sentence with the Federal Bureau of Prisons and began his term of supervised release on November 16, 2020. (*Id.*). His supervision subsequently was transferred to this court. (Doc. No. 1).

On February 1, 2024, Foster filed a motion seeking the early termination of his term of supervised release. (Doc. No. 6). The government opposes Foster's motion. (Doc. No. 9). For the reasons stated below, I deny the motion.

## II.    DISCUSSION

Modification of a term of supervised release is governed by § 3583(e). That subsection permits a court to terminate a term of supervised release after the expiration of one year of

supervised release if the early termination is "warranted by the conduct of the defendant . . . and the interest of justice," as well as the factors set forth in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). 18 U.S.C. § 3583(e)(1).

While Foster has served over one year of his term of supervised release, I conclude early termination is not appropriate. Foster tested positive for marijuana on at least two separate occasions while on supervised release, in violation of the terms of his supervision. In both instances, the drug testing lab flagged Foster's samples as diluted, which can indicate an attempt to avoid detection of illicit drug use. And, according to his supervised release officer, the second instance occurred after Foster filed his motion for early termination.

While I acknowledge it appears Foster otherwise has been in compliance with the terms of his supervised release and I applaud his efforts in maintaining employment and supporting his family, I conclude a reduced term of supervised release would not be sufficient to comply with the purposes of sentencing set forth in § 3553(a), particularly the need to provide adequate deterrence to future criminal conduct and the need to provide Foster with treatment in the most effective manner.

### III. CONCLUSION

I conclude early termination of Foster's supervised release is not warranted by his conduct or the interest of justice at this time. Therefore, and for the reasons set forth above, I deny his motion for early termination. (Doc. No. 6).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

2